IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

CHRISTOPHER O'DELL,

    PLAINTIFF,

v.

USAA FEDERAL SAVINGS BANK
aka USAA,

    DEFENDANT.

Civil Action No. 3:17-cv-01427
(formerly Case No. 17-C-10 in the Circuit Court of Mason County)

## NOTICE OF REMOVAL

Defendant USAA Federal Savings Bank (hereinafter "USAA FSB" or "Defendant") hereby respectfully gives notice, pursuant to 28 U.S.C. § 1446, of the removal to this Court of the action commenced against it in the Circuit Court of Mason County, West Virginia and identified below. Defendant denies the allegations contained in the Complaint and files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court. In support of this Notice of Removal, Defendant offers the following:

### STATEMENT OF COMMENCEMENT OF THE ACTION

Christopher O'Dell ("Plaintiff") commenced this lawsuit in the Circuit Court of Mason County, West Virginia, Civil Action No. 17-C-10 (hereinafter the "State Court Action") on or about January 23, 2017. Plaintiff's Complaint asserts causes of action under the West Virginia Consumer Credit and Protection Act ("WVCCPA"), as well as intentional infliction of emotional distress and invasion of privacy. Plaintiff's claims are based on alleged repeated debt collection communications after notice was given of attorney representation.

## TIMELINESS OF REMOVAL

The removal period commences upon receipt of formal service of process, and "not by mere receipt of the complaint unattended by any formal service."*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999);*Lewis v. Mobile Training & Educ., Inc.*, No. 3:09-0135, 2009 U.S. Dist. LEXIS 38365, at *4 (S.D. W. Va. May 9, 2009). "[W]here service of process is effected on a statutory agent, the time for removal does not begin to run until the defendant has actually received a copy of the process." *Lilly v. CSX Transp., Inc.*, 186 F. Supp. 2d 672, 675 (S.D.W. Va. 2002). USAA FSB was served by virtue of service of process on the West Virginia Secretary of State and received a copy of the process on February 8, 2017. Thus, this Notice of Removal is filed within thirty (30) days of receipt of process and is timely.

## PLEADINGS AND NOTICE TO STATE COURT

Pursuant to 28 U.S.C. § 1446(a), copies of pleadings and other relevant documents on file with the Circuit Court of Mason County, West Virginia, are attached hereto as **Exhibit A**. Additionally, the Docket Sheet from the State Court Action is attached hereto as**Exhibit B**. In accordance with 28 U.S.C. § 1446(d), Defendant will give written notice to Plaintiff and the Circuit Court of Mason County, West Virginia of the removal.

## STATEMENT OF STATUTORY BASIS FOR JURISDICTION-DIVERSITY

This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332(a). This statute provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

### A.      Citizenship of the Parties.

Based upon the allegations of the Complaint, Plaintiff is a citizen of West Virginia. *See* Compl. ¶ 1). For purposes of determining diversity jurisdiction, USAA is a federally chartered savings association with its home office and principal place of business in the State of Texas. Pursuant to federal law, the citizenship of a federally chartered savings association is the state in which its home office is located. 12 U.S.C. § 1464(x). Therefore, there is complete diversity between the parties.

### B.      The Amount in Controversy Exceeds $75,000.00.

In the Fourth Circuit, "the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'" *Dixon v. Edwards*, 290 F.3d 699, 710-11 (4th Cir. 2002). Importantly, "the appropriate measure is not the amount of damages Plaintiffs will ultimately recover, but rather the *alleged* amount in controversy." *Hardig v. Certainteed Corp.*, No. 3:11CV535, 2012 U.S. Dist. LEXIS 15852, at *3 (W.D.N.C. Feb. 9, 2012) (emphasis added). If the removing party establishes by a preponderance of the evidence that an excess of $75,000 is in controversy, the District Court must exercise its jurisdiction. *Perilli v. Nationwide Mut. Ins. Co.*, No. 5:10-cv-56, 2011 U.S. Dist. LEXIS 64779, at *9 (N.D. W. Va. June 17, 2011); *see also Gum v. Gen. Elec. Co.*, 5 F. Supp. 2d 412, 415 (S.D. W. Va. 1998) ("It is well-established federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" (citation omitted)).

When determining the amount in controversy, the Court should consider the "cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record." *Miller v. Bank of America*, No. 1:10-cv-213, 2011 U.S. Dist. LEXIS 62991, at *4 (N.D. W. Va. June 13, 2011). In cases involving

unspecified damages, such as the case at bar, the Court should consider the Complaint and the "[t]ype and extent of the plaintiff's injuries and the possible damages recoverable therefore [sic], including punitive damages if appropriate." *Weddington v. Ford Motor Credit*, 59 F. Supp. 2d 578, 584 (S.D. W. Va. 1999) (*citing Watterson v. GMRI, Inc.*, 14 F. Supp. 2d 844, 850 (S.D.W. Va. 1997) (internal citations omitted)).

Separate claims for relief by a plaintiff in a single cause of action may be combined and aggregated together to meet the amount in controversy requirement "even if no individual claim exceeds the jurisdictional amount." *Long & Foster Real Estate, Inc. v. NRT Mid-Atlantic, Inc*, 357 F. Supp. 2d 911, 920 (E.D. Va. 2005); *see Massey v. Green Tree Servicing, LLC*, No. 5:10-cv-533, 2011 U.S. Dist. LEXIS 34929 (S.D. W. Va. Mar 30, 2010). Additionally, a plaintiff's demand for actual damages, punitive damages, statutory damages, equitable relief, and attorneys' fees should be considered by the Court in determining the amount in controversy. *See, e.g.*, *Maxwell v. Wells Fargo Bank, N.A.*, No. 2:09-CV-500, 2009 U.S. Dist. LEXIS 94476, at *6-14 (S.D. W. Va. Oct. 9, 2009) (including statutory damages, actual damages, and attorneys' fees in the calculation of the jurisdictional amount in controversy and specifically holding that attorneys' fees were to be included because recovery of the fees was potentially available under the West Virginia Consumer Credit and Protection Act); *Weddington,* 59 F. Supp. 2d at 584-85 (including actual damages, punitive damages, and attorneys' fees as part of the amount in controversy).

Here, Plaintiff alleges violations of the WVCCPA, intentional infliction of emotional distress, and common law invasion of privacy. Plaintiff seeks actual damages for annoyance, inconvenience, distress, bother, and anxiety, statutory damages under the WVCCPA, attorney fees and costs, general damages, and punitive damages.

Based on Plaintiff's allegations, the amount in controversy requirement is met based solely on alleged WVCCPA violations. Particularly, such requirement is met based on W. Va. Code § 46A-2-128(e), which proscribes contacts in an attempt to collect a debt following notice of attorney representation. Here, Plaintiff's allegations center on a large volume of calls allegedly placed to the Plaintiff after notice of attorney representation. (*See generally,* Compl.). Each alleged call made after notice of attorney representation constitutes a separate violation of this section.

While Plaintiff fails to specify the precise number of calls allegedly made directly to Plaintiff after USAA FSB received notice of attorney representation, the volume of calls is described in Plaintiff's Complaint as "high," "an enormous amount," "extreme amounts," and repeated or continuous. (Compl. ¶¶ 7, 10, 12(b), 12(c), 15(a), and 20). Moreover, Plaintiff states that, following the first telephone call during which he informed USAA FSB he was represented by counsel and provided the counsel's contact information, which occurred on or around January 21, 2013, USAA FSB continued to place telephone calls to him, as well as to engage in other contacts, almost daily, and often multiple times a day. (Compl. ¶¶ 8-9). Moreover, Plaintiff seeks damages for violations up to the time this Complaint was filed, indicating this alleged conduct continued at least until the date the Complaint was filed. (Compl. Demand for Relief, ¶ A).

For purposes of determining the number of alleged violations, it is assumed, based on Plaintiff's allegations, that one call occurred each day between January 22, 2013 and June 11, 2015, the day prior to the date the statutory amendments to the WVCCPA went into effect requiring written notice of attorney representation,[1] Plaintiff has alleged at least 871 calls.

---

[1] The Circuit Court of Raleigh County, West Virginia has recognized that a plaintiff can still bring an action for violation of W. Va. Code § 46A-2-128(e) for conduct that occurred prior to June 12, 2015—the date the statutory

5

Therefore, Plaintiff has alleged 871 violations of the WVCCPA. Under W. Va. Code § 46A-5-101(1) Plaintiff is entitled to $1,000 per violation, but the aggregate amount of the penalty awarded cannot exceed the greater of $175,000 or the total alleged outstanding indebtedness. Therefore, Plaintiff has alleged damages of at least $175,000. As such, based on the alleged violations of W. Va. Code § 46A-2-128(e) alone, Plaintiff has alleged damages far in excess of the $75,000 threshold required for diversity jurisdiction.

Plaintiff also seeks punitive damages and actual damages for annoyance, inconvenience, distress, bother, and anxiety. The Court must consider these requested damages in determining the amount in controversy. *See Mullins v. Harry's Mobile Homes, Inc.*, 861 F. Supp. 22, 24 (S.D. W. Va. 1994) (holding jurisdictional amount satisfied where plaintiff sought approximately $19,000 in damages, and also requested punitive damages and damages for aggravation, annoyance, and inconvenience); *Allman v. Chancellor Health Partners, Inc.*, No. 5:08CV155, 2009 U.S. Dist. LEXIS 57022, 2009 U.S. Dist. LEXIS 57022, at *5 (N.D. W. Va. Mar. 2, 2009) ("Courts must also consider punitive damages, where available under the cause or causes of action brought, when determining the jurisdictional amount.") (citing *Mullins*, 861 F. Supp. at 24); *see also Bell v. Preferred Life Assurance Society*, 320 U.S. 238 (1948) ("[W]here both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining the jurisdictional amount."). Therefore, in addition to statutory damages, punitive and actual damages must also be taken into consideration.

---

amendment went into effect requiring written notice of attorney representation—based on contacts after verbal notice of representation; however, if a plaintiff does not give *written* notice of attorney representation, no violation of Section 128(e) will be found for communications that occur on or after June 12, 2015. *Tury v. Medical Data Systems, Inc.*, No. 15-C-1012, *Order Denying Plaintiff's Motion for Partial Summary Judgment and Granting Defendant's Counter-Motion for Partial Summary Judgment*, 4 (Cir. Ct. of Raleigh County, June 10, 2016). Plaintiff alleges no written notice of representation here.

Finally, Plaintiff seeks attorney's fees.  Attorney's fees are considered part of the amount in controversy in cases brought under statutes providing for such fees. *Saval v. BL LTD*, 710 F.2d 1027, 1033 (4th Cir. 1983); *Phillips v. Whirlpool Corp.*, 351 F. Supp. 2d 458, 462 (D.S.C. 2005). *See also, Maxwell*, 2009 U.S. Dist. LEXIS 94476, at *6-14 (including statutory damages, actual damages, and attorneys' fees in the calculation of the jurisdictional amount in controversy and specifically holding that attorneys' fees were to be included because recovery of the fees were potentially available under the WVCCPA).  Therefore, reasonable attorney's fees should be considered, for the purpose of determining the amount in controversy, on top of the civil penalties for Plaintiff's WVCCPA claims, the punitive damages, and the actual damages alleged.

Based on the foregoing, it is clear that Plaintiff seeks relief in an amount far greater than $75,000.  As such, the jurisdictional amount is satisfied for purposes of removal.

## VENUE

Under 28 U.S.C. § 1441(a), venue for Plaintiff's State Court Civil Action is proper in this Court.  The United States District Court for the Southern District of West Virginia, Huntington, is the "district and division" for actions removed from the Circuit Court of Mason County, West Virginia, pursuant to 28 U.S.C. § 129(a).

## PRAYER FOR RELIEF

WHEREFORE, USAA Federal Savings Bank, F.S.B. respectfully requests that this Court assume jurisdiction over this matter and allow USAA FSB such other and further relief as this Court deems just and proper.

This 2nd day of March, 2017.

                                                **USAA FEDERAL SAVINGS BANK, F.S.B.**

/s/ Ashley N. Barebo
Randall L. Saunders, Esquire (WV Bar No. 10162)
Ashley N. Barebo, Esquire (WV Bar No. 12802)
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
949 Third Avenue, Suite 200
Huntington, West Virginia 25701
Telephone: (304) 526-3500
Facsimile: (304) 526-3599

*Counsel for USAA Federal Savings Bank, F.S.B.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### AT HUNTINGTON

CHRISTOPHER O'DELL,

    PLAINTIFF,

v.                                                Civil Action No.  3:17-cv-01427
                                                    (formerly Case No. 17-C-10 in the Circuit

USAA FEDERAL SAVINGS BANK      Court of Mason County)
aka USAA,

    DEFENDANT.

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on the 2nd day of March, 2017, the foregoing *"Notice of Removal"* was filed with the Court through the CM/ECF system, which will automatically send notice of such filing to the following counsel of record:

Matthew P. Stapleton, Esquire
Scott G. Stapleton, Esquire
STAPLETON LAW OFFICES
400 5th Avenue
Huntington, WV 25701

                                                      /s/ Ashley N. Barebo