# SUMMONS

## IN THE CIRCUIT COURT OF MASON COUNTY, WEST VIRGINIA

CHRISTOPHER O'DELL,

    PLAINTIFF,

V.                                                    CIVIL ACTION NO. _17-C-10_

USAA FEDERAL SAVINGS BANK aka
USAA,

    DEFENDANT.

**IN THE NAME OF THE STATE OF WEST VIRGINIA:**
You are hereby summoned and required to serve upon

> Matthew Stapleton, Esquire
> of the Law Firm of
> **STAPLETON LAW OFFICES**
> Attorneys and Counselors at Law
>
> Plaintiff's attorney, whose address is:
>
> 400 Fifth Avenue
> Huntington, WV 25701
> (304) 529-1130

an answer, including any related counterclaim or defense you may have, to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within 30 days, after service of this summons upon you, exclusive of the day of service. If you fail to do so, thereafter, judgement, upon proper hearing and trial, may be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim, cross complaint or defense you may have, which must be asserted in the above styled action.

Date: _January 23, 2017_

_[signature]_
Clerk of the Court

By _[signature]_
    Deputy

**EXHIBIT A**

CIVIL CASE INFORMATION STATEMENT-CIVIL CASES
IN THE CIRCUIT COURT, MASON COUNTY, WEST VIRGINIA

I. CASE STYLE:                        Case # _____
Plaintiff(s)
CHRISTOPHER O'DELL,

PLAINTIFF,

V,                                    CIVIL ACTION NO. _17-C-10_

USAA FEDERAL SAVINGS BANK aka
USAA,

DEFENDANT.

Phone #: _____            Days to Answer:   Type of Service:
Social Security #: _____       30            Secy. State

Original and multiple copies of Complaint furnished herewith.

II. TYPE OF CASE:
**TORTS**           **OTHER**              **CIVIL**
__ Asbestos         __ Adoption            __ Appeal from Mag Ct
__ Prof. Malpractice __ Contract           __ Pet Mod Mag Sent
__ Personal Injury  __ Real Property       __ Misc Civil
__ Product Liability __ Mental Health      _X_ Other
__ Other Tort       __ Admin Agency Appeal

III. JURY DEMAND: X YES __ NO.
CASE WILL BE READY FOR TRIAL BY 6/18
III. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE? __ YES X NO. IF YES, PLEASE SPECIFY:
__ Wheelchair accessible hearing room or other facilities
__ Reader or other auxiliary aid for the visually impaired
__ Interpreter or other auxiliary aid for the hearing impaired
__ Spokesperson or other auxiliary aid for the speech impaired
__ Other

Attorney Name: Matthew P. Stapleton
Firm: Stapleton Law Offices, L.C.           Representing:
Address: 400 5th Avenue, Huntington, WV 25701   X Plaintiff __ Defendant
Telephone: (304) 529-1130                   __ Cross-Complainant __ Cross-Def.

X _/s/ M. Stapleton_                         Dated: January 20, 2017
Counsel for Plaintiff

IN THE CIRCUIT COURT OF MASON COUNTY, WEST VIRGINIA

CHRISTOPHER O'DELL,

    PLAINTIFF,

V.                                    CIVIL ACTION NO. 17-C-10

USAA FEDERAL SAVINGS BANK aka
USAA,

    DEFENDANT.

## COMPLAINT

COMES NOW the Plaintiff, Christopher O'Dell, by and through counsel, Matthew B. Stapleton and Stapleton Law Offices, and hereby states the following for his Complaint:

### PARTIES

1. The Plaintiff is a resident of West Virginia.

2. The Plaintiff is a person protected by the West Virginia Consumer Credit and Protection Act (the WVCCPA) and, thus, are entitled to its remedies.

3. The Defendant, USAA Federal Savings Bank ("USAA"), is a corporation and conducts business in West Virginia.

### FACTS

4. USAA, is a debt collector as defined by West Virginia Code Sec. 46A-2-122(d) engaging the debt collection as defined by West Virginia Code Sec. 46A-2-122(c), and is otherwise subject to the WVCCPA.

5. Once the Plaintiff fell into arrears upon an alleged indebtedness owed by Plaintiff to the Defendant, the Defendant began to attempt to collect from the Plaintiff by placing telephone calls to the Plaintiff, and did in fact communicate with the Plaintiff to collect the debt.

6. In addition to written communication, the Plaintiff began receiving multiple telephone calls from the defendant.

7. As a result of the high volume of collection activities by Defendant Plaintiff retained legal counsel on or around November of 2012, to represent his interest in relation to this alleged debt.

8. During the first telephone call, which call occurred on or around January 21, 2013, following the retention of counsel relating to the debt with the Defendant, the Plaintiff informed the Defendant he was represented by an attorney and to not contact him anymore and gave the Defendant's representatives the attorney's name and contact information for the attorney.

9. Following this notification of representation, the Defendant continued to attempt to collect on the alleged debt by placing telephone calls to the Plaintiff, placing calls to telephone numbers associated with the Plaintiff, written communication, and other forms of communication. These contacts were on an almost daily basis and often multiple times a day.

10. The repeated nature of Defendant's collection attempts caused the Plaintiff to endure stress and anxiety on a daily basis. Additionally, the Plaintiff not only endured the annoyance, worry, and aggravation at the time of the collection attempts, but also at many other times as it was constantly fresh on his mind due to the high volume of collection attempts.

## COUNT I

### VIOLATING THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT

11. Plaintiff incorporates the previous paragraphs as if fully set forth here.

12. The Defendant has repeatedly violated the West Virginia Consumer Credit and Protection Act including, but not limited to,

    a. using unfair or unconscionable means to collect a debt from the Plaintiff in direct violation of West Virginia Code Sec 46A-2-128(e) by communicating with the Plaintiff after the Defendant knew the Plaintiff was represented by an attorney and the attorney's name, telephone number, and location were known by the Defendant;

    b. engaging in unreasonable, oppressive, or abusive conduct toward the Plaintiff by placing an enormous amount of telephone calls to the Plaintiff in an attempt to collect a debt in violation of West Virginia Code Sec. 46A-2-125;

    c. causing the Plaintiff's phone to ring or engaging persons, including the Plaintiff, in telephone conversations repeatedly or continuously, with the intent to annoy, abuse, or oppress the Plaintiff in violation of West Virginia Code Sec. 46A-2-125(d).

13. As a direct result of the Defendant's actions and conduct, the Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, threatened, and was otherwise caused indignation and distress.

## COUNT II

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

14. Plaintiff incorporates the previous paragraphs as if fully set forth here.

15. Defendant's conduct was so egregious and extreme that it exceeded the bounds of decency including, but not limited to:

    a. Defendant placed a high volume of calls to the Plaintiff's home directly in violation of the WVCCPA;

    b. Defendant continued to contact the Plaintiff while knowing he was represented by an attorney, directly in violation of the WVCCPA;

    c. Defendant caused the Plaintiff to endure consistent stress, aggravation, and annoyance due to the pattern of calls by Defendant;

    d. The Defendant has intentionally adopted policies and procedures without regard to West Virginia law and that violate West Virginia law;

    d. Defendant has intentionally adopted policies and procedures which have the effect of inflicting emotional distress upon consumers to coerce them to pay money to the Defendant;

16. As a direct result of Defendant's conduct, the Plaintiff has suffered significant emotional distress.

17. As a direct result of the Defendant's action and conduct, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, threatened, and was otherwise caused indignation and distress.

## COUNT III

### COMMON LAW INVASION OF PRIVACY

18. Plaintiff incorporates the previous paragraphs as if fully set forth here.

19. Plaintiff, like all citizens, has an expectation of privacy with includes the right to be free from harassing and annoying telephone calls.

20. Defendant's conduct of placing extreme amounts of telephone calls to the Plaintiff's home invaded, damaged, and harmed the Plaintiff's right of privacy.

21. As a direct result of the conduct of the Defendant, the Plaintiff has suffered emotional distress.

22. As a direct result of the Defendant's action and conduct, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, threatened, and was otherwise caused indignation and distress.

### DEMAND FOR RELIEF

Plaintiff demands the Defendant pay the following:

A. Actual damages for annoyance, inconvenience, distress, bother, anxiety, and the Defendant's repeated violations of the WVCCPA for all such violations up to the time this complaint was filed.

B. Statutory damages in the maximum allowed by West Virginia Code Sec. 46A-5-101(1) as adjusted for inflation pursuant to West Virginia Code Sec. 46A-5-106 for all such violations up to the time this complaint was filed.

C. Pursuant to West Virginia Code Sec. 46A-5-104, Plaintiff's cost of litigation including, but not limited to, attorney fees and court costs.

D. General damages for the Defendant's negligence alleged in Count II and Count III

of this complaint.

E. Punitive damages for the Defendant's conduct alleged in Count II and Count III of this complaint.

F. Any other relief the Court shall deem proper under the circumstances.

CHRISTOPHER O'DELL
By Counsel

_____
Matthew P. Stapleton (WVSB #12334)
Scott G. Stapleton (WVSB #3568)
STAPLETON LAW OFFICES
400 5th Avenue
Huntington, WV 25701
(304) 529-1130
