IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CHRISTOPHER O'DELL,

    Plaintiff,

v.                                                             CIVIL ACTION NO. 3:17-1427

USAA FEDERAL SAVINGS BANK
aka USAA,

    Defendant.

**ORDER**

Pending before the Court is USAA's Motion *in Limine* to Exclude Evidence of or Reference to Plaintiff's Alleged Actual Damages (ECF No. 35). After USAA had filed that motion, and Plaintiff had responded, the Court held a Pretrial Conference during which the Court heard argument regarding this and other motions. In the midst of that April 23rd Pretrial Conference, the Court instructed the parties to provide supplemental briefing with West Virginia case law relevant to the allowance of Plaintiff's claims for actual damages in this case. *Omnibus Order*, ECF No. 56, at 2. The parties complied with the Court's direction, and filed the subsequent briefings on West Virginia case law. *USAA's Reply*, ECF No. 57; *Pl.'s Surreply*, ECF No. 60.

After review of the parties' filings, and upon consideration of the parties' argument at the Pretrial Conference, the Court finds that Plaintiff has provided sufficient evidence to permit him to seek actual damages at trial. In *Clements v. HSBC Auto Fin., Inc.*, Judge Berger permitted the plaintiff to receive actual damages despite the recognition that "the evidence of stress resulting from [the calls] was minimal." No. 5:09-cv-00086, 2011 WL 2976558, at *6 (S.D.W. Va. July 21,

2011) (Berger, J.). Similar to the relatively minimal evidence in *Clements*, the Plaintiff admits that his own actual damages "are moderate." *Pl.'s Surreply*, at 3. However, his "moderate" showing satisfies the requisite evidence for a request for actual damages for claims arising under West Virginia Consumer Credit Protection Action ("WVCCPA").

Although "moderate," Plaintiff has demonstrated evidence of actual damages from annoyance, stress, inconvenience, and the like. Not only did he testify to the stress caused by the calls during his deposition, but he even allegedly notified USAA that the calls made him nervous. *Ex. 1 to Pl.'s Surreply*, ECF No. 60-1, at 10. Additionally, Plaintiff has asserted that he felt harassed by what he describes as "incessant" calls. *Id.* at 10, 14. In fact, according to Plaintiff, the continuous calls affected not only him, but also his immediate family, which compounded the distress. *Id.* at 10; *Pl.'s Reply*, at 3. The Court finds that this "moderate" showing adequately supports permitting the question of actual damages to go to trial. Ultimately, the jury will have to determine whether Plaintiff's evidence entitles him to those damages.

Accordingly, the Court **DENIES** USAA's Motion *in Limine* to Exclude Evidence of or Reference to Plaintiff's Alleged Actual Damages (ECF No. 35).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

        ENTER:    April 30, 2018

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE